UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LYN BEVERLY,

    Petitioner,

v.

FREDEANE ARTIS,

    Respondent.

Case No. 21-cv-12772

Honorable Robert J. White

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS TO LIFT THE IMPOSED STAY, FOR IMMEDIATE CONSIDERATION, AND FOR BOND**

I.   Introduction

Kevin Lyn Beverly is presently incarcerated at the Parnall Correctional Facility in Jackson, Michigan. He filed a petition for a writ of habeas corpus challenging his conviction for interfering with the reporting of a crime. Mich. Comp. Laws § 750.483a(1)(c). The district judge previously assigned to this case held the petition in abeyance so that Beverly could return to state court to exhaust additional claims. The Clerk of the Court administratively closed the case. (ECF No. 17, PageID.1700).

Beverly now moves to lift the imposed stay, for immediate consideration of a previous request to appoint counsel, and for release on bond. For the following reasons, the motions are denied.

II. Analysis

    A. *Motion to Lift the Stay*

Beverly asks the Court to excuse him from exhausting his state court remedies and reopen the case. He argues that exhaustion should be excused because the state circuit court has yet to decide his February 2024 post-conviction motion for relief from the judgment. Although Beverly claims that the prosecution has not filed a response to his state court motion, the Wayne County Circuit Court register of actions indicates that the prosecution responded to the post-conviction motion on June 6, 2024.[1]

Federal courts typically authorize the reinstatement of habeas petitions upon a timely request from the petitioner, following the exhaustion of any state court remedies. *See, e.g., Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). By his own admission, however, Beverly has yet to exhaust his state post-conviction remedies because the state circuit court has not decided his post-conviction motion.

---

[1] The Court obtained this information from the Wayne County Circuit Court's website, cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3623077 (last visited Jan. 28, 2025). *See Clark v. Stone*, 998 F.3d 287, 297 n.4 (6th Cir. 2021) ("Courts may take judicial notice of the proceedings of other courts of record.").

And even if Beverly does not prevail there, he may still appeal to the Michigan Court of Appeals and Michigan Supreme Court. *See Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

A habeas petition should be denied on exhaustion grounds where a state post-conviction motion remains pending in the state courts. *Juliano v. Cardwell,* 432 F.2d 1051, 1051 (6th Cir. 1970); *Haggard v. State of Tenn.,* 421 F.2d 1384, 1386 (6th Cir. 1970). Where a habeas petitioner has the opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has yet to exhaust his state court remedies. *See Cox v. Cardwell,* 464 F.2d 639, 644-45 (6th Cir. 1972). The petitioner would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals, and from there to the Michigan Supreme Court, to properly exhaust his post-conviction claims. *See, e.g., Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Still, some courts have excused a habeas petitioner's failure to exhaust his state court remedies where the petitioner shows an "inordinate delay" in the state court's resolution of a post-conviction motion. *Johnson v. Bauman*, 27 F.4th 384, 391 (6th Cir. 2022); *see also Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (collecting cases). But even under this standard, "a lengthy proceeding, while in some instances lamentable, does not always leave a petitioner incapable of securing his rights." *Johnson*, 27 F.4th at 391; *see also* 28 U.S.C. § 2254(b)(1)(B)(ii).

3

The Sixth Circuit has found that nothing in the habeas statute excuses the exhaustion of state court remedies merely because of a delay in the state court process. *Johnson*, 27 F.4th at 391-93. In its view, "the 'inordinate delay' standard is more a product of judicial decision making (and confused decision making at that) than an effort to interpret a statutory text." *Id.* at 392. Although a petitioner's failure to exhaust his claims may be excused where "circumstances exist that render [the state's corrective] process ineffective to protect the rights of the applicant," *Id.* at 388 (quoting § 2254(b)(1)(B)(ii)), the Sixth Circuit recognizes that "the inordinate delay exception, if taken at face value, could exceed the statutory 'ineffective' standard, expanding § 2254(b)(1)(B)(ii)'s scope beyond both its text as well as the preexisting exceptions that the [habeas] statute codified." *Id.* at 394. Whatever "inordinate delay" means, the Sixth Circuit holds that it cannot be demonstrated through delay alone. *Id.*

Here, Beverly fails to show that the delay in adjudicating his state post-conviction motion presents exceptional circumstances that would justify excusing the exhaustion of state court remedies. *Johnson*, 27 F.4th at 395. After Beverly filed his state court motion, the state filed an answer on June 6, 2024. The overall delay in this case has been less than a year. *Id*. None of the time periods are "particularly striking when considered against the backdrops of both post-sentencing litigation, which often proceeds incrementally, and the much longer gaps [which the Sixth

4

Circuit has] addressed in some of [their] other inordinate delay cases." *Id.* And Beverly presents no evidence showing that the delay was due to malfeasance or bad faith on the state circuit court's part. *Id.* at 396.

Not to mention, Beverly could likewise seek an order of superintending control from the Michigan Court of Appeals, directing the state circuit court to adjudicate his pending motion for relief from judgment. Mich. Ct. Rule 3.302(D)(1); 7.203 (C)(1). And Beverly could request the same relief from the Michigan Supreme Court in the event the Michigan Court of Appeals declined to issue such an order. Mich. Ct. Rule 7.306(A).

Because Beverly has not asked the Michigan appellate courts to compel the state circuit court to entertain his pending motion, he is not excused from exhausting his state court remedies. *See Porter v. Sanders,* No. 12-11287, 2012 U.S. Dist. LEXIS 52959, at *9 (E.D. Mich. Apr. 16, 2012); *Scott v. Woods*, No. 15-13095, 2016 U.S. Dist. LEXIS 51285, at *8-9 (E.D. Mich. Apr. 18, 2016). The motion to lift the stay must, therefore, be denied as premature.

### B.  *Motion for Immediate Consideration*

Beverly additionally moves for immediate consideration, where he, in effect requests the appointment of counsel. But since Beverly failed to exhaust his state court remedies he is not entitled to the appointment of counsel to assist him with the petition. *See, e.g., Dupree v. Jones,* 281 F. App'x 559, 561 (7th Cir. 2008). And

insofar as Beverly requests counsel to represent him in the state court proceedings, he should direct that motion to the appropriate state court. *See* Mich. Ct. Rule 6.505(A).

    C.    *Bond Motion*

That leaves Beverly's request for release on bond. To obtain bond pending a decision on the merits of a habeas corpus petition, the petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993); *see also Nash v. Eberlin,* 437 F.3d 519, 526, n.10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Since Beverly's habeas petition does not appear to present any substantial claims of law and because there are no exceptional circumstances warranting his release on bond, the motion must be denied. *See, e.g., Greenup v. Snyder,* 57 F. App'x 620, 621-22 (6th Cir. 2003); *see also Landano v. Rafferty*, 970 F.2d 1230, 1241 (3d Cir. 1992) ("When the State has not completed its review of the petitioner's claims, it is inappropriate for a federal court to reach the merits of petitioner's case in ruling on a motion for bail."); *Hickey v. Macauley*, No. 12-14635, 2021 U.S. Dist. LEXIS 141139, at *6-7 (E.D. Mich. Apr. 15, 2021) (same). Accordingly,

IT IS ORDERED that Beverly's motion to lift the imposed stay (ECF No. 25) is denied a premature.

IT IS FURTHER ORDERED that the motion for immediate consideration (ECF No. 21) is denied.

IT IS FURTHER ORDERED that the motion for bond (ECF No. 19) is denied.

Dated: January 29, 2025                s/ Robert J. White
                                       Robert J. White
                                       United States District Judge